IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES BARNES, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil Action |
| v. | No. 13-4239 (JBS/KMW) |
| WILLIAM EDWARDS, et al., | |
| | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

Before the Court are Plaintiff James Barnes' motions for an order compelling discovery, for pro bono counsel, and for injunctive relief against Yolette C. Ross, who is not a party to this action. [Docket Item 22.] For the following reasons, Barnes motion will be denied:

1.   Plaintiff, who is presently incarcerated, brought this action against Defendants William Edwards and Eric Gorecke, who are parole officers. He alleges that Defendants extorted money from him in exchange for a promise to reduce his parole. (Compl. at 4-5.) He claims that Defendants visited him, and Defendant Edwards stated, "You have a lot of parole, but if you do good and pay your $100.00 per month, I can cut the last 2 years of your parole short." (Id. at 5.) Plaintiff agreed and began paying $100.00 per month from his disability and welfare funds. (Id.) Defendant Edwards allegedly told Plaintiff "to never say

anything to anyone or [Plaintiff] will be sent back to prison."
(Id.) Plaintiff alleges that Defendants assaulted him when he
refused to continue paying. "After giving up $800.00,
[Plaintiff] told Edwards . . . I was not going to give up any
more money and I was going to tell my wife what going on, and
that when Edwards and Eric [Gorecke] begain [sic] assaulting
me." (Id.) Plaintiff seeks damages for "pain and suffering and
the harm my disable [sic] body took from the beating . . . and
the $800.00 back they took from me . . . ." (Id. at 6.)

  2.   When Plaintiff first submitted his Complaint, he
provided neither a filing fee nor a complete in forma pauperis
application. Plaintiff's Complaint was dismissed without
prejudice [Docket Item 3], he submitted a new in forma pauperis
application [Docket Item 6], and the Court issued an Order
[Docket Item 9] granting his application and ordering the Clerk
of Court to file his Complaint. Defendants filed an Answer.
[Docket Item 15-1 at 5-10.]

  3.   Plaintiff then filed the instant motion to compel
discovery, appoint pro bono counsel, and obtain an injunction.
The Court will address each issue in turn.

  4.   Plaintiff seeks a court order compelling discovery.
Defendants opposed [Docket Item 23] Plaintiff's motion because
Plaintiff filed his motion before serving any discovery requests
upon Defendants. After Plaintiff filed this motion, Magistrate

Judge Karen M. Williams held a telephone status conference and began the discovery process. She issued a scheduling order [Docket Item 30] directing the parties to, inter alia, complete medical record release forms, serve subpoenas, and exchange specific documents. Judge Williams then scheduled a follow-up telephone conference to monitor the discovery process. The follow-up conference has not yet occurred; it is scheduled for August 20, 2014.

5.   Plaintiff's motion to compel discovery will be dismissed as moot because he filed it before serving Defendants with discovery requests and before the court-supervised discovery process began and before any discovery was overdue. If there are any issues with the ongoing discovery process, they should be raised with Judge Williams at the upcoming telephone conference.

6.   Plaintiff also seeks appointment of pro bono counsel because he claims that he is unfamiliar with criminal and civil law, he needs investigation assistance, and he needs representation at trial. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit established criteria for appointing counsel for indigent civil litigants. As a threshold matter, the Court must assess whether Plaintiff's case has some arguable merit in fact

and law. Id. at 155. If so, then the Court must consider any
constraints due to Plaintiff's imprisonment and his ability to
represent himself, including his education, literacy, ability to
understand English, prior work experience, and prior litigation
experience. Id. at 156. The Court must also consider the
complexity of the legal issues, Plaintiff's ability to pursue
any necessary factual investigation, the complexity of
discovery, whether the case is likely to turn on credibility
determinations, and whether expert testimony is required. Id.

    7.    The Court will deny Plaintiff's motion for pro bono
counsel without prejudice. At this early stage of the
litigation, it is difficult to assess the merits of Plaintiff's
claims. Plaintiff claims that he needs assistance at trial but,
at this early stage, it is unclear whether the case will proceed
to trial. In addition, there is no indication, at this time,
that Plaintiff is hindered in his ability to pursue necessary
factual investigation. Plaintiff seeks medical records, but
courts have held that a plaintiff "can conduct the necessary
discovery of his medical record." Moore v. Cumberland Cnty. Bd.
of Freeholders, Civ. 06-4516 (RMB), 2006 WL 3359625, at *6
(D.N.J. Nov. 16, 2006). Moreover, there is no indication at this
time that complex legal or discovery issues exist or that expert
testimony is necessary. Plaintiff has not provided information
about his education, prior work experience, and prior litigation

experience, but Plaintiff does not appear ignorant of the litigation process. His motion shows that he is aware of certain laws and procedural mechanisms. Furthermore, both Plaintiff's Complaint and the instant motion were clearly written and understandable. Plaintiff also allegedly obtained a paralegal's assistance in drafting his motion. [Docket Item 22 at 2.] After considering the various Tabron factors, the Court will deny Plaintiff's motion. The denial is without prejudice to his right to seek pro bono counsel at a later date because "appointment of counsel under § 1915(d) may be made at any point in the litigation." Tabron, 6 F.3d at 156.

8.    Finally, Plaintiff seeks an injunction against Yolette C. Ross, Vice Chairman of the New Jersey State Parole Board. [Id.] Plaintiff asks the Court to prohibit Ross "from chairing any other parole hearing against [Plaintiff]." [Id. at 6.] Plaintiff alleges that Ross "had complete knowledge of the claim [Plaintiff] filed against both of her colleagues that work for the New Jesrey [sic] State Parole Board, and still insisted to chair petitioner Barnes second techincal [sic] . . . ." [Id. at 6.] Ross allegedly "requested that petitioner Barnes be given a second (14) month techincal [sic] violation." [Id.]

9.    Plaintiff's motion for injunctive relief will also be denied without prejudice. "[C]ourts are generally unable to issue injunctive relief against a non-party to an action." Vital

Pharm., Inc. v. USA Sports, LLC, Civ. 11-975, 2012 WL 760561, at
*9 (M.D. Pa. Mar. 8, 2012). "A non-party cannot be bound by the
terms of an injunction unless the non-party is found to be
acting in active concert or participation with the party against
whom injunctive relief is sought." Elliott v. Kiesewetter, 98
F.3d 47, 56 n.5 (3d Cir. 1996) (quotation omitted). Plaintiff
alleges that Ross "had complete knowledge of the claim
[Plaintiff] filed against both of her colleagues," but Plaintiff
has not shown that Ross was acting in active concert or
participation with Defendants.

10.   Moreover, "[a]n injunction is a drastic and
extraordinary remedy, which should not be granted as a matter of
course." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 165
(2010). A plaintiff seeking a permanent injunction must
demonstrate: "(1) that it has suffered an irreparable injury;
(2) that remedies available at law, such as monetary damages,
are inadequate to compensate for that injury; (3) that,
considering the balance of hardships between the plaintiff and
defendant, a remedy in equity is warranted; and (4) that the
public interest would not be disserved by a permanent
injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388,
391 (2006). Plaintiff has not satisfied these factors and has
not shown that he is entitled to this extraordinary remedy.

Plaintiff's motion for injunctive relief is denied without prejudice.

11.   Plaintiff's motions to compel discovery, appoint counsel, and obtain an injunction are all denied without prejudice. An accompanying Order will be entered.

**August 13, 2014**                    **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       Chief U.S. District Judge